DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant Joseph C. McLeland has appealed from the judgment of the Summit County Court of Common Pleas that granted Defendant-Appellee First Energy's motion for judgment on the pleadings and dismissed his case. This Court affirms.
 I {¶ 2} On August 25, 2004, Plaintiff-Appellant Joseph C. McLeland ("McLeland") filed a complaint in the Summit County Court of Common Pleas to enforce the Fair Credit Reporting Act against Defendants-Appellees First Energy dba Ohio Edison ("First Energy"), Allegheny Energy Company ("Allegheny"), CBF Business Solutions ("CBF"), and Trans Union Consumer Relations ("Trans Union"). The suit was the result of outstanding electric charges and McLeland's alleged missing credit on his First Energy bill. Part of McLeland's bill included electric power First Energy had purchased from Allegheny; when McLeland submitted payment of his bill, which included a check and a credit voucher, to First Energy, Allegheny was not paid for the power it provided. The outstanding charges on McLeland's First Energy bill lead to the involvement of CFB, a collection agency, and Trans Union, a credit reporting company. Subsequent to McLeland submitting payment to First Energy, Allegheny ceased supplying power to First Energy; the voucher McLeland sent with his bill was later applied to charges McLeland owed for power provided by a subsequent First Energy power supplier. Accordingly, Allegheny was never paid for the portion of power it supplied McLeland through First Energy.
 {¶ 3} Pursuant to Civ. R. 12(C), First Energy filed a motion for judgment on the pleadings. First Energy argued that the trial court lacked subject matter jurisdiction under R.C. 4905.04 and R.C. 4903.12
because First Energy is a public utility. McLeland responded in opposition to the motion. On February 22, 2005, the trial court granted First Energy's motion and found that pursuant to R.C. 4905.04 and 4903.12
it lacked subject matter jurisdiction over McLeland's claim. The trial court dismissed McLeland's case.
 {¶ 4} McLeland has timely appealed the trial court's decision, asserting two assignments of error.[1] For ease of discussion, we have consolidated McLeland's assignments of error.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED IN NOT APPLYING EXISTING APPLICABLE CASE LAW TO THE FACTS AS PLED BY APPELLANT, BRINGING THE CASE WITHIN THE JURISDICTION OF THE SUMMIT COUNTY COMMON PLEAS COURT."
 Assignment of Error Number Two
"THE [TRIAL] COURT ERRED IN FINDING THAT APPELLANT'S CASE AS PLED, DOES FALL UNDER THE EXCLUSIVE JURISDICTION OF THE OHIO PUBLIC UTILITIES COMMISSION."
 {¶ 5} In his first and second assignments of error, McLeland has argued that the trial court erred when it determined that it lacked jurisdiction to hear his case and that the Ohio Public Utilities Commission ("PUCO") had exclusive jurisdiction over his case. Specifically, McLeland has argued that because his claims were under tort and contract law, the trial court did have jurisdiction, and that R.C. 4905.04 does not apply in the instant matter. We disagree.
 {¶ 6} This Court reviews a trial court's decision to grant a motion for judgment on the pleadings under the de novo standard of review.Fontbank, Inc. v. Compuserve, Inc. (2000), 138 App.3d 801, 807. Pursuant to Civ. R. 12(C), "after the pleadings are closed but within such times as not to delay the trial, any party may move for judgment on the pleadings." When construing a defendant's motion for judgment on the pleadings pursuant to Civ. R. 12(C), the trial court must construe as true all material allegations in the complaint, together with all reasonable inferences to be drawn therefrom. Peterson v. Teodosio (1973),34 Ohio St.2d 161, 165-66. The determination of a motion for judgment on the pleadings is restricted solely to the allegations of the pleadings. Id. at 166. To uphold a judgment on the pleadings pursuant to Civ. R. 12(C), a reviewing court must find, beyond a doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to the relief requested. Lin v. Gatehouse Constr. Co. (1992),84 Ohio App.3d 96, 99.
 {¶ 7} The trial court below found that McLeland's complaint was under the exclusive jurisdiction of PUCO and therefore it granted First Energy's Civ. R. 12(C) motion. McLeland has argued that R.C. 4905.04, which grants exclusive jurisdiction to PUCO, is inapplicable to the instant matter. First Energy has responded that the statute clearly applies and that the common pleas court does not have jurisdiction over McLeland's case.
 {¶ 8} It is well settled law that PUCO has jurisdiction to adjudicate utility customer complaints related to rates or services of the utility.Kazmaier Supermarket, Inc. v. Toledo Edison Co. (1991), 61 Ohio St.3d 147,151-52. The Ohio Supreme Court has recognized that "the commission with its expert staff technicians familiar with the utility commission provisions" is best suited to resolve such disputes. Id. at 153.
 {¶ 9} McLeland correctly asserts that contract and pure common-law tort claims against a public utility may be brought in a common pleas court. See State ex rel. Ohio Power Co. v. Harnishfeger (1980),64 Ohio St.2d 9, 10. However, where a claim is related to service, R.C. 4905.26 gives PUCO exclusive jurisdiction. State ex rel. Northern OhioTel. Co. v. Winter (1970), 23 Ohio St.2d 6, 9-10. Pursuant to R.C. 4905.26:
"Upon complaint in writing against any public utility by any person, firm, or corporation, or upon the initiative or complaint of the public utilities commission, that any rate, fare, charge, toll, rental, schedule, classification, or service, or any joint rate, fare, charge, toll, rental, schedule, classification, or service rendered, charged, demanded, exacted, or proposed to be rendered, charged, demanded, or exacted, is in any respect unjust, unreasonable, unjustly discriminatory, unjustly preferential, or in violation of law, or that any regulation, measurement, or practice affecting or relating to any service furnished by the public utility, or in connection with such service, is, or will be, in any respect unreasonable, unjust, insufficient, unjustly discriminatory, or unjustly preferential, or that any service is, or will be, inadequate or cannot be obtained, and, upon complaint of a public utility as to any matter affecting its own product or service, if it appears that reasonable grounds for complaint are stated, the commission shall fix a time for hearing and shall notify complainants and the public utility thereof. Such notice shall be served not less than fifteen days before hearing and shall state the matters complained of. The commission may adjourn such hearing from time to time."
 {¶ 10} The Ohio Supreme Court has concluded that "R.C. 4905.26
provides a detailed procedure for filing service complaints. This comprehensive scheme expresses the intention of the General Assembly that such powers were to be vested solely in the Commission." Kazmaier,61 Ohio St.3d at 152, quoting Winter, 23 Ohio St.2d at 9.
 {¶ 11} As previously discussed, PUCO has exclusive jurisdiction over service oriented claims. See Winter, supra. Accordingly, we must determine if McLeland's claim is service-oriented.
 {¶ 12} McLeland's claim arose when First Energy received McLeland's electric bill payment, which included a voucher, and did not forward the portion of the payment due Allegheny for supplying power to First Energy. Subsequent to McLeland paying his bill, Allegheny ceased supplying power to First Energy, which in turn meant that part of McLeland's electric bill payment would no longer be forwarded to Allegheny. Instead of paying Allegheny for the power it had already supplied First Energy, which was power McLeland had been charged for, First Energy applied McLeland's payment to charges from the subsequent supplier of power to First Energy. First Energy's actions lead to Allegheny pursuing payment for the power it supplied.
 {¶ 13} After careful review of McLeland's claims and the facts of this case, it is our conclusion that the instant matter is in essence a service-oriented matter. We find that the "service" contemplated in R.C. 4905.26 includes First Energy obtaining a supply of electric power; its billing process and payment process; and the procedures it follows when a supplier ceases to provide power and when a new supplier is obtained. Accordingly, PUCO is best suited to resolve the utility commission provisions involved in the instant matter. See Kazmaier,61 Ohio St.3d at 153.
 {¶ 14} We find, beyond a doubt, that because PUCO is vested with exclusive jurisdiction over the instant matter, McLeland could prove no set of facts in support of his claims that would entitle him to the relief he requested. Therefore, the trial court properly granted First Energy's motion for judgment on the pleadings and did not error when it found that it lacked subject matter jurisdiction over McLeland's case.
 {¶ 15} McLeland's first and second assignments of error lack merit.
 III {¶ 16} McLeland's first and second assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J. Batchelder, J. concur
[1] McLeland's claims against Allegheny, Trans Union, and CBF were voluntarily dismissed with prejudice and are not at issue in the instant appeal. Allegheny also dismissed its counterclaim against McLeland.