[Cite as *N.H. v. Soisson*, 2025-Ohio-2285.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| N.H. (A MINOR), et al. | | C.A. No. 31322 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DYLAN SOISSON, et al. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellants | | CASE No. CV 2024 07 2927 |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2025

STEVENSON, Presiding Judge.

**{¶1}** Defendant-Appellant Village of Lakemore ("Village") appeals the judgment of the Summit County Court of Common Pleas denying its motion for judgment on the pleadings. For the reasons set forth below, this Court reverses and remands for further proceedings consistent with this decision.

I.

**{¶2}** As a threshold matter, we note that because this is a decision based on a motion for judgment on the pleadings, the forthcoming facts were adduced from the complaint filed in this matter. The events giving rise to this action took place in June 2020 at the Springfield Roller Rink. Village police officer Dylan Soisson was present, acting as security as part of his duties as a police officer for the Village. N.H., a minor female, was present with a friend. When Soisson learned that N.H.'s cousin was involved in a fight at the rink, he took N.H. outside, demanded that she call her cousin, ordered her to turn over her vape pen, and allegedly grabbed her by the arm and waist,

causing back pain and injuries. According to N.H., Soisson placed her in "extremely tight" handcuffs, which caused bruising and a loss of circulation in her hands, then put her in the back of a police cruiser where Soisson turned on the heat, causing N.H. to briefly pass out and lose consciousness.

{¶3}  Plaintiffs-Appellees N.H. and T.H. (N.H.'s mother and guardian) brought a cause of action in federal court which was dismissed in July 2023. In July 2024, Appellees filed a complaint in the Summit County Court of Common Pleas against the Village and Soisson in both his official and individual capacity. The complaint alleged nine causes of action: assault; battery; intentional infliction of emotional distress; negligent hiring, retention and supervision; violations of R.C. 2307.60 (Person injured by criminal act has civil remedy); violations of R.C. 2921.45 (Interfering with civil rights); false imprisonment; malicious prosecution; and loss of consortium (T.H. only). The Village and Soisson both answered Appellees' complaint and the Village moved for judgment on the pleadings. Appellees responded in opposition and the Village replied. The trial court denied the Village's motion.

{¶4}  The Village timely appealed and asserts one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANT-APPELLANT VILLAGE OF LAKEMORE'S MOTION FOR JUDGMENT ON THE PLEADINGS, WHICH ASSERTED R.C. CHAPTER 2744 IMMUNITY**.

{¶5}  Under Civ.R. 12(C), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "The determination of a motion for judgment on the pleadings is restricted solely to the allegations of the pleadings." *McCleland v. First Energy*, 2005-Ohio-4940, ¶ 6 (9th Dist.), citing *Peterson v. Teodosio*, 34 Ohio

St.2d 161, 165-66 (1973). "[D]ismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of [her] claim that would entitle [her] to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996). We review a trial court's decision on a motion for judgment on the pleadings de novo. *McCleland* at ¶ 6. De novo review means that "this Court stands in the shoes of the trial court and conducts an independent review of the record." *Kuczirka v. Ellis*, 2018-Ohio-5318, ¶ 8 (9th Dist.)

{¶6} In this appeal, the Village argues that it has general immunity from all of Appellees' claims under R.C. 2744.01(A)(1) and that none of the exceptions under R.C. 2744.02(B) apply. Accordingly, the Village argues that the trial court erred in denying its motion for judgment on the pleadings and that it should have been dismissed from the suit. The Village requests that this Court reverse and remand the matter for proceedings against Soisson only. Appellees argue that the trial court properly denied the Village's motion because the Village's immunity defense is more appropriately decided on summary judgment, after discovery is complete. They further argue that N.H.'s claims involve statutory and constitutional violations that constitute an exception to the Village's immunity under R.C. 2744.09(E) ("[c]ivil claims based upon alleged violations of the constitution or statutes of the United States[.]. . .").

{¶7} In denying the Village's motion for judgment on the pleadings, the trial court reasoned as follows:

> Plaintiffs argue it is premature to rule on the issue of immunity and that summary judgment is the appropriate time for such a determination. Whether an individual acted manifestly outside the scope of employment, and whether the employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner generally are questions of fact.

Accordingly, upon review of the Complaint, Answer and the pleadings at issue in this matter, this Court finds additional discovery is necessary prior to a determination related to [the Village's] immunity. Specifically, this Court notes Defendant Soisson was an employee of [the Village] at the time of the incident and this Court finds insufficient evidence has been presented to conclusively determine whether [the Village] is immune from liability for Soisson's alleged actions.

(Internal citations and quotations omitted.).

{¶8}    This Court has recently explained the following regarding political subdivision immunity:

Ohio's Political Subdivision Tort Liability Act, which governs political subdivision liability and immunity, is codified in R.C. 2744.01 et seq. The Act sets forth a three-tiered analysis for determining whether a political subdivision is immune from liability for injury or loss to property. Under the first tier of the analysis, political subdivisions enjoy a general grant of immunity for any injuries, deaths, or losses allegedly caused by any act or omission of the political subdivision or [its] employee [. . .] in connection with a governmental or proprietary function. That immunity, however, is not absolute.

Under the second tier of the analysis, a political subdivision's comprehensive immunity can be abrogated pursuant to any of the five exceptions set forth at R.C. 2744.02(B). If one of those exceptions applies, R.C. 2744.02(B) also provides several full defenses a political subdivision may assert in specific instances. Those full defenses, if proven, will result in the political subdivision retaining its cloak of immunity. If no full defense is proven or available to the political subdivision under R.C. 2744.02(B)(1), then the analysis proceeds to the third tier. Under the third tier, immunity may be restored, and the political subdivision will not be liable, if one of the defenses enumerated in R.C. 2744.03(A) applies.

(Internal quotations and citations omitted.). *M.J. v. Akron City School Dist.,* 2023-Ohio-4764, ¶ 8-9 (9th Dist.).

{¶9}    In *M.J.*, we reversed and remanded for further proceedings because the trial court "erred when it failed to conduct all three parts of the political-subdivision immunity analysis before ruling on Appellants' motions for summary judgment" *Id*. at ¶ 13.  Similarly, upon review of the pleadings at issue in the instant matter, we conclude that the trial court erred in failing to conduct all three parts of the political-subdivision immunity analysis before ruling on the Village's motion for judgment on the pleadings.  Based on the plain language of its order, the trial court appears to

have overlooked the first and second tiers of the political subdivision immunity analysis and jumped straight to the conclusion that there may be disputed evidence regarding one of the Village's defenses under R.C. 2744.03(A)(6) as to "whether the employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner." *See e.g., Aronson v. Akron*, 2001 WL 326875, *4 (9th Dist. Apr. 4, 2001) ("While the individual employees, in the performance of [their] functions, may be liable for their malicious, bad faith, wanton or reckless acts, R.C. 2744.03(A)(6) by its plain terms does not effect (sic) the immunity of the political subdivision."). The trial court did not analyze whatsoever whether the Village had immunity under tier one and whether any of the exceptions in R.C. 2744.02(B)(1)-(5) under tier two applied. The entire immunity analysis is particularly important because if it is determined that a political subdivision has general immunity under R.C. 2744.01(A) and none of the exceptions under R.C. 2744.02(B)(1)-(5) apply, "a court need not move on to consider the defenses and immunities provided under R.C. 2744.03." *Johnson v. Cleveland*, 2011-Ohio-2152. ¶ 21 (8th Dist.). Yet, it appears the trial court proceeded directly to a consideration of the defenses and immunities under R.C. 2744.03.

{¶10} Further, the trial court reasoned that sovereign immunity cases are best decided on summary judgment in reaching its decision. This is of course true in cases that involve arguments that are fact dependent. However, in this case, the Village argues that there is no possibility that any of the R.C. 2744.02(B)(1)-(5) exceptions to immunity apply as a matter of law. The trial court should have analyzed each of the claims made by the Village to determine if there is any set of facts that would have entitled it to relief by undertaking the three-tiered analysis outlined in *M.J.* in the first instance. We are a reviewing court and as such,

> our role as an appellate court is not to act as a fact-finder in the first instance. Nor should this Court speculate as to what the trial court found or did not find…else we exceed our jurisdiction as an appellate court.

> . . . although the trial court is not required to explain its reasoning in support of [its determination], the inclusion of such explanation is most helpful to the reviewing court. . . . Such detail and analysis will provide insight into the reasoning behind the decision of the trial court and enhances the ability of the appellate court to perform its function.

(Internal citations omitted.)  *In re T.C.*, 2008-Ohio-2249, ¶ 11-12 (9th Dist.).

**{¶11}**  Therefore, based on the foregoing, the Village's assignment of error is well-taken and has merit.  The trial court erred in denying the Village's motion for judgment on the pleadings without first completing the entire three-tiered political-subdivision immunity analysis. Accordingly, we reverse the trial court's decision and remand for further proceedings.

III.

**{¶12}**  The judgment of the Summit County Court of Common Pleas is reversed and remanded for further proceedings consistent with this decision.

Judgment reversed,<br>and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

SCOT STEVENSON
FOR THE COURT

CARR, J.
SUTTON, J.
CONCUR.

APPEARANCES:

JOHN D. LATCHNEY, Attorney at Law, for Appellant.

EDWARD L. GILBERT, Attorney at Law, for Appellees.