DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Travis Grant, appeals the decision of the Medina County Court of Common Pleas, which denied his motion to suppress evidence found as a result of a warrantless search of his vehicle. This Court affirms.
 I. {¶ 2} On June 3, 2005, Deputy Dan Kohler of the Medina County Sheriffs Department heard a radio call to another officer regarding a fight at an outlet mall near the intersection of Interstate 71 and State Route 83 in Medina County. Minutes later, Deputy Kohler received another dispatch indicating that the disturbance was a possible robbery of an armored Brink's truck. Further *Page 2 
dispatches by radio and on the computer display in Deputy Kohler's cruiser showed that the suspects were two tall, thin white males, possibly in a white car, one of whom was wearing a dark baseball cap. According to the dispatches, one suspect was wearing a dark sweater or sweatshirt and the other was wearing a light colored shirt. Knowing that the interstate highway was a common escape route for perpetrators of crimes at the outlet mall, Deputy Kohler positioned himself in the parking lot of a truck stop on Route 83 between the mall exit and the entrance ramps to the interstate.
 {¶ 3} Kohler observed a white Oldsmobile with two white males inside coming from the direction of the outlet mall and traveling toward the interstate on Route 83. He could see that the driver was wearing a dark shirt and the passenger was wearing a white t-shirt. Deputy Kohler noticed that the vast majority of passersby were looking at his cruiser and most passing motorists, assuming that he was about to exit the parking lot, paused and motioned for him to proceed. The occupants of the Oldsmobile, on the other hand, avoided looking at the cruiser and appeared to be nervous as they drove past. Deputy Kohler followed the Oldsmobile and ran a check on the license plate, from which he learned that the vehicle was registered to a female with an expired driver's license. Deputy Kohler initiated a traffic stop on the northbound entrance ramp to the interstate, at which time he learned from a dispatch that one of the suspects was wearing dark cargo pants and was seen removing a Brink's uniform shirt or sweater at the crime *Page 3 
scene. Deputy Kohler asked appellant, the driver of the vehicle, to step out of the car, explaining that he was investigating a robbery at the outlet mall. Appellant responded that he had just come from the outlet mall. While patting down appellant to check for possible weapons, Deputy Kohler found a folded plastic bag in his pocket, which he believed could have been used to carry money. Deputy Kohler noticed that the passenger in the vehicle, later identified as Bryan Snyder, was wearing dark cargo pants. Deputy Kohler also observed two dark-colored baseball caps in the back seat and another baseball cap in the front seat.
 {¶ 4} Several other officers arrived while Deputy Kohler was speaking with appellant and Snyder. Deputy Kohler handcuffed appellant and Snyder, removed the keys from the car's ignition, and began to search the vehicle while other officers stood around appellant and Snyder. Deputy Kohler found a crowbar under the front seat, then opened the trunk and found several Brink's uniform shirts and a duty belt with no gun. Appellant and Snyder were advised of their Miranda rights and taken back to the mall for identification. Appellant was later indicted on one count of complicity to commit robbery in violation of R.C. 2923.03(A)(2) and R.C. 2911.02(A)(2).
 {¶ 5} Appellant changed his plea from not guilty to no contest following the trial court's denial of his motion to suppress. The trial court accepted appellant's plea of no contest, found him guilty and sentenced him to a prison term of three years. *Page 4 
 {¶ 6} Appellant timely appealed his conviction, setting forth two assignments of error for review.
 FIRST ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN OVERRULING THE DEFEND ANT-APPELLANT'S MOTION TO SUPPRESS."
 {¶ 7} In his first assignment of error, appellant argues that the trial court erred in overruling his motion to suppress. Specifically, appellant contends that Deputy Kohler lacked "specific and articulable facts" when stopping his vehicle and; therefore, the evidence seized as a result of the warrantless search of his vehicle was inadmissible. This Court disagrees.
 {¶ 8} This Court has previously addressed the argument raised by appellant through the appeal of his co-defendant. See State v.Snyder, 9th Dist. No. 06CA0018-M, 2006-Ohio-6911. However, we have summarized the pertinent analysis herein.
 {¶ 9} Regarding the relevant standard of review, this Court has stated:
 "An appellate court's review of a trial court's ruling on a motion to suppress presents a mixed question of law and fact. The trial court acts as the trier of fact during a suppression hearing, and is therefore, best equipped to evaluate the credibility of witnesses and resolve questions of fact. Accordingly, we accept the trial court's findings of fact so long as they are supported by competent, credible evidence. The trial court's legal conclusions, however, are afforded no deference, but are reviewed de novo." (Emphasis and internal citations omitted.) State v. Swan, 9th Dist. No. 22939, 2006-Ohio-2692, at ¶ 8.
 A. Articulable suspicion for the stop. *Page 5 
 {¶ 10} In order to stop and detain a suspect for investigation, a police officer must have a reasonable suspicion that criminal activity has occurred or is about to occur, based on specific and articulable facts.Terry v. Ohio (1968), 392 U.S. 1, 21. The detention or stop may not be based merely on "inarticulate hunches." Id. at 22. However, "there is `no ready test for determining reasonableness other than by balancing the need to search (or seize) against the invasion which the search (or seizure) entails.'" Id. at 21, quoting Camara v. Municipal Court (1967),387 U.S. 523, 534-537.
 {¶ 11} Appellant argues that the stop was based on nothing more than a hunch. However, during his testimony at the suppression hearing, Deputy Kohler was able to articulate a number of facts that sufficed to create a reasonable suspicion that the occupants of the car had been involved in criminal activity. The car was a white car, and reports indicated that the robbery suspects were possibly escaping in a white car. The car was coming from the direction of the outlet mall. Deputy Kohler, a highly experienced law enforcement officer, testified that he was able to discern that appellant and Snyder looked nervous as they drove past. The two, also, avoided eye contact with Deputy Kohler as they went by his cruiser. Deputy Kohler testified that this was unusual as the other motorists noticed his cruiser and especially his canine partner, who was barking out the window. The two men matched the descriptions of the suspects; appellant was wearing a dark colored shirt, as was one of the suspects seen at the crime scene, and Snyder was *Page 6 
wearing a light colored shirt. A license plate check revealed that the Oldsmobile was registered to a female with an expired driver's license and clearly not to the male occupants. Accordingly, Deputy Kohler had a reasonable, articulable suspicion which justified stopping the vehicle.
B. Search of the trunk.
 {¶ 12} Appellant also argues that there was no justification to search the trunk of his vehicle. This Court finds that appellant's argument lacks merit.
 {¶ 13} Where an officer has probable cause to believe that there is contraband in a car that has been stopped, the officer may conduct a warrantless search of the vehicle. Michigan v. Thomas (1982),458 U.S. 259, 261. Although an officer is normally permitted to conduct a warrantless search only in exigent circumstances, a warrantless search of a stopped vehicle is permissible, so long as probable cause exists, because a vehicle is mobile and thus could be easily moved while officers attempt to procure a search warrant. Chambers v. Maroney
(1970), 399 U.S. 42, 51. Such a search may extend to the entire car, including the trunk. State v. Biehl, 9th Dist. No. 22054,2004-Ohio-6532, at ¶ 27, citing United States v. Ross (1982),456 U.S. 798, 824. However, "[a] trunk and a passenger compartment of an automobile are subject to different standards of probable cause to conduct searches." State v. Farris, 109 Ohio St.3d 519, 2006-Ohio-3255, at ¶ 51. In other words, Deputy Kohler's observations must provide probable cause which supports specifically searching the trunk of the vehicle. Id. at ¶ 50. *Page 7 
Probable cause for a search exists where, based on the totality of the circumstances, there is a "fair probability that contraband or evidence of a crime will be found in a particular place." State v. Steen, 9th Dist. No. 21871, 2004-Ohio-2369, at ¶ 5, quoting Illinois v. Gates
(1983), 462 U.S. 213, 238.
 {¶ 14} According to Deputy Kohler's testimony, when he stopped appellant, he observed that the physical descriptions of appellant and the passenger in the vehicle and the description of their car were consistent with the descriptions that he received on his radio and his computer display. They appeared nervous and avoided looking in Deputy Kohler's direction, unlike most other passersby. Appellant's clothing matched the description of one of the suspect's clothing, and there were baseball caps plainly visible in the car, consistent with the caps that the suspects had been wearing. After the stop was initiated, Deputy Kohler received information that one of the suspects wore dark cargo pants and was seen removing a Brink's uniform shirt as he fled from the crime scene. He noticed that Snyder wore dark cargo pants, and his white t-shirt, according to Deputy Kohler's testimony, was consistent with an undershirt, meaning that it could have been worn under the Brink's uniform. When Deputy Kohler conducted a pat-down for weapons, he discovered a folded plastic bag in appellant's pants pocket, which Deputy Kohler believed could have been intended to carry stolen money. Deputy Kohler then searched the vehicle, where he found a crow bar under the front seat. *Page 8 
 {¶ 15} In light of these facts, Deputy Kohler could reasonably have found a fair probability that evidence of the robbery would be found upon further inspection of the vehicle. Specifically, Deputy Kohler could have reasonably believed that the Brink's uniform shirt which the suspect was seen removing was in the trunk of the vehicle based upon the information he had received and his own personal observations of the suspect. The trial court therefore did not err in determining that the search of the trunk of the vehicle was supported by probable cause. Appellant's first assignment of error is overruled as to both the issue of reasonable suspicion and the issue of probable cause.
 SECOND ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT-APPELLANT TO MORE THAN THE MINIMUM SENTENCE OF TWO (2) YEARS WHERE THE STATE DID NOT COMPLY WITH THE PLEA AGREEMENT TO REMAIN SILENT AT SENTENCING AND REFERRED TO MATTERS CONTAINED WITHIN DEFENDANT-APPELLANT'S MOTION IN LIMINE AND WERE CONTRA TO LAW."
 {¶ 16} In his second assignment of error, appellant argues that the trial court erred in sentencing him to more than the minimum sentence because the State failed to comply with the plea agreement to remain silent at sentencing and referred to matters contained within his motion in limine. This Court finds that appellant has waived this assignment of error.
 {¶ 17} Relevant to appellant's argument is Santobello v. New York
(1971), 404 U.S. 257, wherein the United States Supreme Court concluded that "when a *Page 9 
plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Id. at 262. As in this case, Santobello involved a prosecutor's representation to make no recommendation to the court regarding sentencing. Santobello, however, is not dispositive of appellant's contentions. Unlike inSantobello, in the present matter, appellant's counsel did not object to the prosecutor's remarks during the sentencing hearing when the error could have been avoided or corrected, and thus waived the error.State v. Sideris, 4th Dist. No. 04CA37, 2005-Ohio-1055, at ¶ 38;Matter of Cunningham (Feb. 13, 1996), 10th Dist. No. 95APF08-1015, citing State v. Cox (Dec. 10, 1993), 11th Dist. No. 92-T-4753. Appellant's second assignment of error is overruled.
 III. {¶ 18} Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into *Page 10 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
WHITMORE, P. J.
MOORE, J.
 CONCUR *Page 1