OPINION
{¶ 1} Defendant-appellant, Larry E. Pirpich, appeals the denial of his motion to suppress evidence and his conviction from the Warren County Court of Common Pleas for the offense of illegal assembly or possession of chemicals for the manufacture of controlled substances.
 {¶ 2} Appellant was charged with that offense under R.C. 2925.041(A), after police found materials for the manufacture of methamphetamines in the vehicle in which he was a *Page 2 
passenger. Appellant moved to suppress evidence, challenging the stop, search, and seizure. The trial court denied the motion. Appellant's case was tried to a jury, which returned a guilty verdict. After appellant was sentenced, he instituted this appeal, setting forth two assignments of error.
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO SUPPRESS AS THE SEARCH OF THE VEHICLE WAS CONDUCTED INCIDENT TO A MINOR MISDEMEANOR INFRACTION AND WAS THEREFORE AN UNCONSTITUTIONAL SEARCH AND SEIZURE[.]"
 {¶ 5} In considering a motion to suppress evidence, an appellate court accepts the trial court's findings of fact so long as they are supported by competent, credible evidence. State v. Howard, Preble App. No. CA2006-02-003, 2006-Ohio-5656, ¶ 12. An appellate court independently reviews the trial court's legal conclusions based on those facts and determines, without deference to the trial court's decision, whether as a matter of law, the facts meet the appropriate legal standard.Howard, citing State v. Curry (1994), 95 Ohio App.3d 93, 96.
 {¶ 6} This court has not been provided with a transcript of the hearing on the motion to suppress. The primary duty to provide a transcript for appellate review falls upon the appellant, as the appellant bears the burden of showing prejudicial error by reference to matters in the record. Shirley v. Kruse, Greene App. No. 2006-CA-12,2007-Ohio-193, ¶ 22, citing Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the appellate court has nothing to pass upon and, thus, presumes the validity of the lower court's proceedings and affirms the trial court's decision.Knapp; State v. Thomas, 170 Ohio App.3d 727, 2007-Ohio-1344, ¶ 11. *Page 3 
 {¶ 7} Appellant cites this court to portions of the transcript of his trial in support of this assignment of error. We do not know if evidence adduced at trial was the same evidence presented to the trial court at the motion to suppress hearing, and therefore, we cannot determine the exact facts before the trial court when it made its decision on the pre-trial motion. However, the trial court provided some factual findings with its conclusions in its decision and entry denying the motion to suppress, and we shall review that decision for purposes of this assignment of error.
 {¶ 8} In its decision, the trial court found that appellant was the only passenger in a vehicle driven by a woman ("driver"). The vehicle was stopped by police on a rural road at 3:00 a.m. when the light designed to illuminate the back license or registration plate was blinking on and off. R.C. 4513.05 requires a license plate to be illuminated whenever the vehicle's driving lights are illuminated to render the plate legible from a distance of 50 feet to the rear. The trial court found that the failure to have the rear license plate properly illuminated provided police with probable cause to stop the vehicle for this traffic offense. State v. Weinheimer, Warren App. No. CA2003-04-044, 2004-Ohio-801, ¶ 8-12; see, also, State v. Pfeiffer, Butler App. No. CA2003-12-329, 2004-Ohio-4981, ¶ 23 (focus is not upon whether an officer could have stopped the suspect because a traffic violation had in fact occurred, but whether the arresting officer had probable cause to believe a traffic violation had occurred; probable cause is defined as facts and circumstances within an officer's knowledge sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense).
 {¶ 9} The trial court determined that after the stop, the officer was entitled to ask appellant, the passenger, to exit the vehicle. SeeMaryland v. Wilson (1997), 519 U.S. 408, 415, 117 S.Ct. 882. Appellant's identification was verified. See State v. Morgan, Highland App. No. 05CA14, 2006-Ohio-3659, ¶ 20 (as long as a legitimate traffic stop is not extended *Page 4 
beyond the time reasonably necessary to carry out its purpose, a request for identification from the passengers, followed by a computer check, does not constitute an unreasonable search and seizure).
 {¶ 10} The trial court indicated that the officer found a valid warrant existed for appellant and he was arrested. The trial court determined that the officer was entitled to search the "lunge" area of the vehicle. We note that when a police officer has made a lawful custodial arrest of the occupant of an automobile, the officer may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile. State v. Murrell, 94 Ohio St.3d 489,2002-Ohio-1483, syllabus; State v. Farris, 109 Ohio St.3d 519,2006-Ohio-3255, ¶ 51.
 {¶ 11} According to the trial court's findings, the officer found large quantities of "Sudafed" in the glove box and passenger compartment of the vehicle. The trial court noted that a subsequent warrantless search of the entire vehicle was reasonable because the "Sudafed" found in the passenger compartment is a material commonly used in the manufacture of methamphetamine, providing probable cause that other contraband could be found in the vehicle. See State v. Grant, Medina App. No. 06CA0019-M, 2007-Ohio-680, ¶ 13 (a warrantless search of a stopped vehicle is permissible, so long as probable cause exists, because a vehicle is mobile and thus could be easily moved while officers attempt to procure a search warrant; observations must provide probable cause that supports specifically searching the trunk of the vehicle); cf., Farris at ¶ 52 (fact that officer did not find evidence of contraband in the vehicle was significant to Supreme Court in determining whether police could search the trunk).
 {¶ 12} Having reviewed the limited record before us, the motion to suppress evidence should have been denied, and we find no error by the trial court in its decision to deny appellant's motion. Appellant's first assignment of error is overruled. *Page 5 
 {¶ 13} Assignment of Error No. 2:
 {¶ 14} "THE COURT ABUSED ITS DISCRETION BY ALLOWING THE TESTIMONY OF THE CO-DEFENDANT, SHILA PARKER[,] TO BE ADMITTED AS STATEMENTS OF A CO-CONSPIRACY [SIC] WHEN NO INDEPENDENT EVIDENCE WAS PRESENTED OF THE ALLEGED CONSPIRACY OTHER THAN THE STATEMENTS[.]"
 {¶ 15} A trial court has broad discretion in the admission and the exclusion of evidence and unless it clearly abused its discretion and appellant is materially prejudiced thereby, the appellate court should be slow to interfere. State v. Finnerty (1989), 45 Ohio St.3d 104,109;State v. Craft, Butler App. No. CA2006-06-145, 2006-Ohio-4116, ¶ 48.
 {¶ 16} Evid.R. 801(D)(2)(e) provides: "A statement is not hearsay if * * * [t]he statement is offered against a party and is * * * a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy upon independent proof of the conspiracy." Statements of co-conspirators are not admissible under Evid.R. 801(D)(2)(e) until the proponent of the statement has made a prima facie showing of the existence of the conspiracy by independent proof. State v. Hand,107 Ohio St.3d 378, 2006-Ohio-18, ¶ 100.
 {¶ 17} An out-of-court declaration by a co-conspirator is admissible against the defendant upon proof: (1) of the existence of a conspiracy; (2) of the defendant's participation in the conspiracy; (3) of the declarant's participation in the conspiracy; (4) that the statement was made during the course of the conspiracy; and (5) that the statement was made in furtherance of the conspiracy. State v. Bishop (Oct. 5, 1998), Madison App. No. CA97-07-032.
 {¶ 18} Explicit findings of the existence of a conspiracy need not be made on the record. Hand at ¶ 100.
 {¶ 19} Appellant challenges the trial court's admission of the driver's statements made when the driver and appellant were conversing in the police cruiser. The trial court made no *Page 6 
findings on the record regarding the existence of a conspiracy, but permitted the recording of the statements to be played to the jury.[1]
 {¶ 20} Evidence was presented before the statements were admitted that the driver and appellant were found together in a vehicle displaying an Oklahoma license plate, and it appeared to police that they were living in the vehicle. Police indicated at trial that they received "conflicting stories" from appellant and the driver to their inquiries at the initial time of the stop. Large numbers of pseudoephedrine pills and other pills used in the manufacture of methamphetamines were located in the passenger area of the vehicle. Likewise, acetone and batteries commonly used in the manufacturing process were found in the vehicle trunk. A police officer also testified that he found pseudoephedrine pills in what he believed to be a man's coat in the back seat of the vehicle.[2]
 {¶ 21} We do not find that the trial court erred in admitting the statements as there was sufficient evidence obtained from the vehicle before the driver's statements were offered to make a prima facie showing that appellant and the driver conspired to commit the charged offense. See, e.g., R.C. 2923.01 (conspiracy has been defined as the planning or aid in planning the commission of the charged offense or agreement that one of more of parties will engage in conduct that facilitates the commission of the charged offense); see, also, Evid.R. 403.
 {¶ 22} Appellant's second assignment of error is overruled.
 {¶ 23} Judgment affirmed.
YOUNG, P.J., and BRESSLER, J., concur.
[1] Much of the discussion on the exhibit tape provided to this court was unintelligible, and this was particularly true of the driver's voice. The statements that were understandable consisted of a discussion between the driver and appellant about explanations that were or could be offered to police regarding the materials found in the vehicle.
[2] It was not explained why the coat was not presented at trial and made available for the jury's review. *Page 1