[Cite as *State v. Carmichael*, 2012-Ohio-5923.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 11CA010086 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TYRELL L. CARMICHAEL | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 10CR080171 |

DECISION AND JOURNAL ENTRY

Dated: December 17, 2012

MOORE, Presiding Judge.

{¶1} Defendant-Appellant, Tyrell Carmichael, appeals from the judgment of the Lorain County Court of Common Pleas, denying his motion to suppress. This Court affirms.

I.

{¶2} On February 28, 2010, Trooper Chris Beyer executed a traffic stop after he observed a car entering the Ohio Turnpike without a front license plate. There were three people inside the car: the driver, a front seat passenger, and a back seat passenger whom the police later identified as Mr. Carmichael. Upon approaching the car, Trooper Beyer noticed marijuana seeds, buds, and stems on the lap of the front seat passenger as well as a Swisher Sweet cigar that had been cut down its middle. He then asked the occupants of the car whether they had any other contraband. In response, the driver opened the center console and removed a piece of folded cardboard that contained marijuana.

**{¶3}** Trooper Beyer requested backup and removed the driver, Mr. Carmichael, and the other passenger from the car. All three people were searched for additional contraband, but none was found. Trooper Beyer then searched the car for contraband. He found marijuana where Mr. Carmichael had been seated. He then opened the trunk of the car and saw a suitcase. Trooper Beyer opened the suitcase and found a loaded 9mm handgun inside. After being Mirandized, Mr. Carmichael admitted to owning the gun.

**{¶4}** A grand jury indicted Mr. Carmichael on charges of having a weapon under disability, receiving stolen property (along with an attendant firearm specification), improperly handling firearms in a motor vehicle, using or possessing drug paraphernalia, and possession of marijuana. Mr. Carmichael filed a motion to suppress, challenging the scope of the search that Trooper Beyer performed. The trial court held a suppression hearing and later denied Mr. Carmichael's motion. The court sentenced Mr. Carmichael to a prison term, fine, and license suspension.

**{¶5}** Mr. Carmichael now appeals and raises one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN DENYING [MR. CARMICHAEL'S] MOTION TO SUPPRESS, THEREBY VIOLATING HIS RIGHT TO BE SECURE FROM AN UNREASONABLE SEARCH AND SEIZURE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 14 OF THE CONSTITUTION OF THE STATE OF OHIO.

**{¶6}** In his sole assignment of error, Mr. Carmichael argues that the trial court erred by denying his motion to suppress because Trooper Beyer lacked probable cause to open the trunk of the car in which Mr. Carmichael was a passenger and search his suitcase. We disagree.

**{¶7}** The Ohio Supreme Court has held that:

> [a]ppellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Fanning*, 1 Ohio St.3d 19 (1982). Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist.1997).

*State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. *Accord State v. Hobbs*, 133 Ohio St.3d 43, 2012-Ohio-3886, ¶ 6 (*Burnside* applied). Accordingly, this Court reviews the trial court's factual findings for competent, credible evidence and considers the court's legal conclusions de novo. *State v. Conley*, 9th Dist. No. 08CA009454, 2009-Ohio-910, ¶ 6, citing *Burnside* at ¶ 8.

{¶8} The Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, prohibits unreasonable searches and seizures. Article I, Section 14 of the Ohio Constitution contains language nearly identical to that of the Fourth Amendment and similarly prohibits unreasonable searches and seizures. Although the Fourth Amendment recognizes that individuals have privacy interests in their vehicles, the inherent characteristics of vehicles "justif[y] a lesser degree of protection of [the privacy] interests [in them]." *California v. Carney*, 471 U.S. 386, 390 (1985). *See also Chambers v. Maroney*, 399 U.S. 42, 48 (1970); *Carroll v. United States*, 267 U.S. 132, 153 (1925). "Once a law enforcement officer has probable cause to believe that a vehicle contains contraband, he or she may search a validly stopped motor vehicle based upon the well-established automobile exception to the warrant requirement." *State v. Moore*, 90 Ohio St.3d 47, 51 (2000). "[T]he concept of exigency underlies the automobile exception to the warrant requirement." *Id.* at 52.

Yet, "the 'automobile exception' has no separate exigency requirement." *Maryland v. Dyson*, 527 U.S. 465, 466 (1999).

{¶9} Under the automobile exception, where an officer has probable cause to believe there is contraband in a car that has been stopped, "a search may extend to the entire car, including the trunk." *State v. Grant*, 9th Dist. No. 06CA0019-M, 2007-Ohio-680, ¶ 13, citing *United States v. Ross*, 456 U.S. 798, 824 (1982). The evidence simply must be such that "there is a 'fair probability that contraband or evidence of a crime will be found in [the trunk].'" *State v. Grant*, 9th Dist. No. 06CA0019-M, 2007-Ohio-680, ¶ 13, quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Once such probable cause exists, the police are free to search the trunk "and its contents, including all movable containers and packages, that may logically conceal the object of the search." *State v. Welch*, 18 Ohio St.3d 88 (1985), syllabus. The search extends to any "passengers' belongings found in the car that are capable of concealing the object of the search." *Wyoming v. Houghton*, 526 U.S. 295, 307 (1999).

{¶10} Before he searched the trunk of the car in which Mr. Carmichael was a passenger, Trooper Beyer found several items of contraband in the passenger compartment of the car. He observed marijuana seeds, buds, and stems on the front seat passenger's lap as well as a Swisher Sweet, an item Trooper Beyer identified as one commonly used to smoke marijuana. He then asked the occupants of the car whether they had "any other contraband." In response, the driver removed a piece of folded cardboard containing marijuana from the center console. Mr. Carmichael did not indicate that he possessed any contraband. When Trooper Beyer later searched the passenger compartment, however, he found what he described as "some stem material, leafy material of marijuana," where Mr. Carmichael had been seated. Accordingly, Trooper Beyer found contraband throughout the passenger compartment and observed that

marijuana had been concealed in the center console. Trooper Beyer testified that he then searched the trunk of the car for contraband because, based on his training and past experiences, he believed there could be additional narcotics in the trunk. Trooper Beyer saw Mr. Carmichael's suitcase inside the trunk, opened it, and discovered a loaded handgun.

{¶11} In arguing that Trooper Beyer lacked probable cause to search the trunk of the car, Mr. Carmichael primarily relies upon *State v. Farris*, 109 Ohio St.3d 519, 2006-Ohio-3255. In *Farris*, police officers searched the defendant's entire car, including the trunk, after detecting the odor of marijuana in the passenger compartment of the car. They then arrested the defendant. The Supreme Court opined that "[a] trunk and a passenger compartment of an automobile are subject to different standards of probable cause to conduct searches." *Farris* at ¶ 51. Consequently, the Court held that "[t]he odor of burnt marijuana in the passenger compartment of a vehicle does not, standing alone, establish probable cause for a warrantless search of the trunk of the vehicle." *Id.* at ¶ 52. While Mr. Carmichael acknowledges that Trooper Beyer had probable cause to search the passenger compartment of the car, he relies upon *Farris* to argue that Trooper Beyer did not have probable cause to search the car's trunk.

{¶12} Unlike this case, *Farris* did not concern the automobile exception to the warrant requirement. *Id.* ("[T]he automobile exception does not apply in this case."). The officers in *Farris* searched the passenger compartment of the defendant's car incident to a lawful arrest. When they did so, they found nothing. The only contraband that the officers found came from a container in the trunk. *Id.* at ¶ 5. Because no contraband was found in the passenger compartment and "[n]o other factors justifying a search beyond [it] were present," the police could not expand a search incident to a lawful arrest beyond the passenger compartment of the car. *Id.* at ¶ 52. The situation in *Farris* was distinctly different from the one at hand. Here,

Trooper Beyer uncovered several items of contraband inside the passenger compartment of the car before searching the trunk.

{¶13} The facts of the present case are analogous to the facts in *State v. Dingle*, 9th Dist. No. 13055, 1987 WL 19469 (Oct. 28, 1987). In *Dingle*, the police found marijuana in plain view in the passenger compartment of the defendant's vehicle before taking his keys and opening his trunk. The trunk contained an opaque Arby's bag, inside of which were 36 individual bags of marijuana. In upholding the search of the trunk and the closed container inside of the trunk, this Court relied upon the automobile exception to the warrant requirement. *Dingle* at \*2. We held that:

> [a]fter finding the original contraband pursuant to the plain view doctrine, the officers had probable cause to search the entire vehicle. Accordingly, a search of the trunk and the closed Arby's bag was proper as the bag could logically contain the contraband. The search was not unreasonable as it was based on objective facts which would have justified the issuance of a warrant to search the trunk and container, even though a warrant was not actually obtained.

*Id.* As in *Dingle*, the marijuana Trooper Beyer lawfully uncovered in the passenger's compartment gave rise to probable cause to search the entire vehicle. There was marijuana in three separate locations inside of the car and, in Trooper Beyer's experience, additional narcotics might have been present elsewhere in the car. Moreover, the suitcase Trooper Beyer searched logically could have contained additional narcotics. *See id.*

{¶14} Based on our review of the record, the trial court correctly applied the automobile exception to the warrant requirement and properly denied Mr. Carmichael's motion to suppress. His sole assignment of error is overruled.

III.

{¶15} Mr. Carmichael's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

CARR, J.
DICKINSON, J.
CONCUR

APPEARANCES:

PAUL GRIFFIN, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.