DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant Stephen T. Haley has appealed from the decision of the Summit County Court of Common Pleas that adopted the magistrate's decision dismissing his complaint with prejudice. This Court affirms.
 I {¶ 2} On April 28, 2004, Plaintiff-Appellant Stephen T. Haley filed a "Complaint for Declaratory Judgment * * *, Fraud, Fraud in Inducement, Breach of Contract, Civil Conspiracy to Commit Fraud, Fraudulent Transfer * * *, and Engaging in Corrupt Activity" against Donovan Hunter and several other individuals and companies.[1]
 {¶ 3} The complaint stemmed from Appellant entering into a contract, dated September 13, 2002, on behalf of himself and Joshua, Caleb Associates Investments, Inc., with Defendants-Appellees Donovan Hunter, Stunning Developments, and Rolf Oscarsson. The contract, titled "AGREEMENT OF INDIVIDUALS, STOCKHOLDERS, AND CORPORATIONS", was
"by and between Stephen T. Haley, or his nominee, hereinafter called "Haley"; Joshua, Caleb Associates Investments, Inc.,
hereinafter "Joshua Caleb", a Nevada Corporation, and DonovanHunter, hereinafter called "Hunter", in both his individual capacity and as Chief Executive Officer, Director and major shareholder of Stunning Developments, Inc.; StunningDevelopments, Inc., a Nevada Corporation, hereinafter "SD";Rolf A Oscarsson, hereinafter "Oscarsson", in his individual capacity and as an Officer, Director and shareholder of Stunning Developments, Inc."
The contract stated that Joshua, Caleb Associates Investments, Inc. made a loan to Stunning Developments, Inc. and that the "agreement is the sole and exclusive agreement between the parties and any changes, modifications, or alterations of this agreement must be in writing." The contract was signed by Donavon Hunter "For himself as Individual For Stunning Developments, Inc."; Rolf A. Oscarsson "For himself as Individual For Stunning Developments, Inc."; and Stephen T. Haley "For himself as Individual For Joshua Caleb Associates Investments, Inc."
 {¶ 4} On January 6, 2003, Appellant executed an "Assignment of Contract" stating the following:
"FOR VALUE RECEIVED, Joshua Caleb Associates, Inc, a Nevada Corporation, the assignor, does hereby assign unto Stephen T. Haley, his successors and assigns, the original contract with Donovan Hunter, Rolf Oscarsson and Stunning Developments, Inc. * * * Said assignment shall include all rights, title and interest of the said Joshua Caleb Associates, Inc., therein, and shall be payment or consideration of the loan made by Stephen T. Haley to Joshua Caleb Associates, Inc. on September 14, 2002, in the sum of Eighty Thousand ($80,000) Dollars with interest at the rate of twelve (12%) percent, per annum from the date of the loan by Stephen T. Haley to assignor."
 {¶ 5} From May 25, 2004 through February 23, 2005, the parties filed numerous pre-trial motions and responses to said motions. On February 24, 2005, the magistrate issued a decision regarding the pending pre-trial motions. The magistrate first addressed whether the trial court had subject matter jurisdiction. The magistrate reviewed the "Agreement of Individuals, Stockholders, and Corporations" which Appellant purported gave him the ability to bring the instant matter and found that Appellant, as the plaintiff in the instant matter, had only those rights assigned to him by the January 6, 2003 assignment. Accordingly, he had no individual rights or claims in the instant matter. The magistrate found that the only assignment presented to the court was between Stephen Haley and Joshua Caleb Associates, Inc., while the contract at issue was between some of the named defendants and Joshua, Caleb, Associates Investments, Inc. The magistrate concluded that Appellant did not have a valid assignment from the entity known as "Joshua, Caleb 
Associates Investments, Inc. and that any purported contract between Defendant Hunter, Defendant Stunning Developments and Defendant Rolf Oscarsson was with Joshua, Caleb Associations Investments, Inc." The magistrate "found that the [Appellant did] not have standing to bring the instant lawsuit as against any of the defendants herein." The magistrate then dismissed the case in its entirety, with prejudice.
 {¶ 6} On March 10, 2005, Appellant filed objections to the magistrate's decision. Appellant's objections included seven factual objections and nine legal objections. Relevant to this decision, Appellant objected to the magistrate's findings that he lacked standing to sue.
 {¶ 7} On July 29, 2005, the trial court issued a ruling on the magistrate's decision. The trial court found that the magistrate's decision was correct, but that the magistrate violated Appellant's rights when it held an evidentiary hearing without giving Appellant proper notice that evidence would be presented at the hearing. The trial court remanded the matter back to the magistrate for another hearing. Thereafter, Appellant filed a waiver of the improper notice and withdrew his objection on that ground. Appellant stated that his other objections were not waived and therefore, they remained pending.
 {¶ 8} On November 23, 2005, the trial court adopted the magistrate's decision. The trial court found "that there is no evidence of a valid assignment by the entity known as `Joshua, Caleb, Associates Investments, Inc.' to Stephen Haley and that the contract between Defendant Hunter, Stunning Developments and Rolf Oscarsson was with `Joshua, Caleb Associates Investments, Inc.', not `Joshua Caleb Associates, Inc.'" The trial court ruled that Appellant had no standing "in that the contract was in the name of `Joshua, Caleb Associates Investments, Inc.', while the purported assignment was made to an entity named `Joshua Caleb Associates, Inc.'" It was also determined that Appellant had no individual or assigned rights in the instant matter; accordingly, the trial court found he had no standing to bring the suit and it dismissed the action with prejudice.
 {¶ 9} Appellant has appealed the trial court's decision, asserting eight assignments of error.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S LAWSUIT BASED ON THE MISSTATEMENT OF FACT THAT THE ASSIGNMENT FAILED TO INDICATE WHAT CONTRACT WAS BEING ASSIGNED TO APPELLANT WHEN THE CONTRACT OF ASSIGNMENT HAD ATTACHED TO IT AS EXHIBIT `A' THE SPECIFIC CONTRACT BEING ASSIGNED TO APPELLANT; AND BY FAILING TO APPLY THE PRINCIPLES OF CONTRACT LAW WHICH REQUIRE THAT WRITINGS EXECUTED AS PART OF THE SAME TRANSACTION BE READ AS A WHOLE AND THAT THE INTENT OF EACH PART BE GATHERED FROM CONSIDERATION OF THE WHOLE; APPLYING LEGLER V. UNITED STATES FID. GUAR. CO.
(1913), 88 OHIO ST. 336; BY ERRONEOUSLY GRANTING DEFENDANTS STANDING TO CHALLENGE THE INTENT OF THE CONTRACT OF ASSIGNMENT WHEREIN THEY WERE NOT PARTIES TO; AND DOING SO WITHOUT THE DEFENDANTS FILING A MOTION CHALLENGING THE ASSIGNMENT OF THE SEPTEMBER 13, 2002 AGREEMENT TO APPELLANT."
 {¶ 10} In his first assignment of error, Appellant has argued that the trial court erred in finding that he lacked standing to bring this case. Specifically, he has argued that the trial court erred by failing to consider the assignment and the contract together when it reviewed the standing issue. We disagree.
 {¶ 11} This Court reviews the dismissal of a complaint under the de novo standard of review. Coventry Edn. Assn. v. CoventryLocal School Dist. Bd. of Edn. (Nov. 20, 1996), 9th Dist. No. 17795, at 3. The instant complaint was dismissed for lack of standing; accordingly, we first review Appellant's standing.
 {¶ 12} "The issue of standing is a threshold test that, once met, permits a court to determine the merits of the questions presented." Hicks v. Meadows, 9th Dist. No. 21245, 2003-Ohio-1473, at ¶ 7, citing Tiemann v. Univ. of Cincinnati
(1998), 127 Ohio App.3d 312, 325. When one's standing is questioned, his capacity to bring an action is being challenged.State ex rel. Jones v. Suster (1998), 84 Ohio St.3d 70, 77. "Standing" requires that: 1) a plaintiff suffered an actual injury, defined as an invasion of a legally protected interest that is concrete and particularized; 2) the alleged wrongful conduct be causally connected to the injury; and 3) it be likely that a favorable decision will redress the injury. Lujan v.Defenders of Wildlife (1992), 504 U.S. 555, 560-561,112 S.Ct. 2130, 119 L.Ed.2d 351.
 {¶ 13} In addition to case law on standing, Civ. R. 17(A) provides that "[e]very action shall be prosecuted in the name of the real party in interest." "To determine whether an action has been brought by the real party in interest, a court must look to the substantive law creating the right being sued upon to see if the action has been instituted by the party possessing the substantive right to relief." (Quotations omitted). Dennis v.Ford Motor Company (1997), 121 Ohio App.3d 318, 323.
 {¶ 14} The instant matter is based on a contract and an assignment of contract. When reviewing contracts this Court must determine if the contract is ambiguous, and thus open to interpretation. The terms of a contract are ambiguous "only if they can be reasonably understood in more than one sense."Watkins v. Williams, 9th Dist. No. 22162, 2004-Ohio-7171, at ¶24. Furthermore, if a contract's terms are "clear and precise," the contract is not ambiguous. Pavlich v. Pavlich, 9th Dist. No. 22357, 2005-Ohio-3305, at ¶ 7.
 {¶ 15} "If a contract is clear and unambiguous, its interpretation is also as a matter of law, and no issue of fact remains to be determined." Denman v. State Farm Ins. Co., 9th Dist. No. 05CA008744, 2006-Ohio-1308, at ¶ 13. If a contract is deemed unambiguous, a court "must defer to the express terms of the contract and interpret it according to its plain, ordinary, and common meaning." (Quotation omitted.) Pavlich at ¶ 7.
 {¶ 16} As previously mentioned, the instant matter involves a contract and an assignment of a contract. As Appellant has argued, when a court is presented with documents that were executed as part of the same transaction, it reads them together as one entire contract. Edward A. Kemmler Memorial Found. v.691/733 East Dublin-Granville Rd. Co. (1992), 62 Ohio St.3d 494,500. However, the contract and assignment of a contract in the instant matter were not signed by the same parties and not part of the same transaction. The Defendants Donovan Hunter, Stunning Developments, and Rolf Oscarsson were not parties to the assignment of contract and Joshua Caleb and Associates, Inc. was not a party to the contract. Additionally, the assignment of contract was executed five months after the contract. Based on the foregoing, we decline to read the contract and assignment of contract together as one document.
 {¶ 17} After reviewing the contract at issue, we find it unambiguous. The parties to the contract and their roles under the contract are clear and precise. This Court finds that the terms cannot be reasonably understood in more than one way. The contract states that it is between Stephen T. Haley, Joshua, Caleb Associates Investments, Inc., Defendant Donovan Hunter, Defendant Stunning Developments, Inc., and Defendant Rolf Oscarrson. The contract also clearly states that Joshua, Caleb 
Associates Investments, Inc. provided $80,000 to the above Defendants as a loan/investment. The contract does not include any mention of an assignment of the contract rights and responsibilities of Joshua, Caleb Associates Investments, Inc. or any mention of a company named Joshua Caleb Associates Inc. Moreover, the contract states that it is the "sole and exclusive Agreement between the parties[.]"
 {¶ 18} We are not persuaded by Appellant's argument that the assignment of contract he presents confers the rights of Joshua, Caleb Associates Investments, Inc. under the contract at issue to him. The assignment of contract is between "Joshua Caleb 
Associates, Inc." and Appellant, not Joshua, Caleb Associates Investments, Inc. and Appellant. Joshua Caleb Associates, Inc. was not a party to the contract at issue and therefore it has no rights under the unambiguous contract. Accordingly, Joshua Caleb Associates, Inc. could not assign rights under the contract to Appellant and Appellant could not maintain a cause of action on said assignment.
 {¶ 19} Based on the foregoing, we find that the trial court did not error in dismissing Appellant's complaint for lack of standing. Appellant's complaint is based upon the assignment of contract with Joshua Caleb Associates, Inc. As previously discussed Joshua Caleb Associates, Inc. was not a party to the contract at issue; therefore, Appellant cannot assert a claim under the contract based on his assignment of contract with Joshua Caleb Associates, Inc.
 {¶ 20} Appellant's first assignment of error lacks merit.
 Assignment of Error Number Two
"THE TRIAL COURT ERRED IN FINDING THAT AS TO THE `ASSIGNMENT OF JANUARY 6, 2003, THERE WAS NEVER AN ASSIGNMENT OF ANY TORT CLAIMS, BREACH OF CONTRACT CLAIMS, CORRUPT ACTIVITY CLAIMS, OR ANY OTHER SEPARATE CLAIMS' FOUND IN THE COMPLAINT AS PART OF THE ASSIGNMENT WHEN THE ASSIGNMENT AND THE PROMISSORY NOTE ATTACHED TO THE CONTRACT OF ASSIGNMENT PLAINLY STATE THAT IT SHALL BE A COMPLETE ASSIGNMENT OF ALL BENEFITS AND RIGHTS OF JOSHUA CALEB 
ASSOCIATES. SEE MAGISTRATE'S DECISION, APP. EX. C, PP. C-6 
C-18."
 Assignment of Error Number Three
"THE TRIAL COURT ERRED IN RULING THAT ALL THE DEFENDANTS' ANSWER/LETTERS, WITH THE EXCEPTION OF THE OSCARSSONS AND STUNNING DEVELOPMENTS, WERE IN `GOOD FORM AND SUBSTANCE' EVEN THOUGH THE ANSWER/LETTERS WERE WITHOUT `PROOF OF SERVICE' ENDORSED THEREON AS IS PROHIBITED BY CIV.R. 5(D). SEE APP. EX. F, PP. F-1 AND LOC.R. 7.04."
 Assignment of Error Number Four
"THE COURT ABUSED ITS DISCRETION IN ALLOWING THE DEFENDANTS TO FILE ANSWER/LETTERS OUTSIDE THE TIME PERMITTED BY CIV.R. 12(A)(1) WITHOUT THE DEFENDANTS FILING A MOTION PURSUANT TO CIV.R. 6(B)(2) DEMONSTRATING EXCUSABLE NEGLECT FOR THE LATE FILING. APPLYINGMILLER V. LINT (1980), 62 OHIO ST.2D 209."
 Assignment of Error Number Five
"THE COURT ERRED IN FINDING THAT APPELLANT LACKED PERSONAL JURISDICTION OVER THE DEFENDANTS AS A RESULT OF ITS FAILURE TO CONSIDER THE ADMISSIONS FOUND AT EXHIBITS R THROUGH X, THE BANK STATEMENTS OF JERICA HUNTER AT EXHIBIT Y, AND THE CANCELLED CHECKS ISSUED TO JACQUELINE T. HUNTER FOUND AT EXHIBIT M OF VOLUME I AND II OF THE APPENDIX TO APPELLANT'S MOTION FOR SUMMARY JUDGMENT (DOC. #102, 103, 104) WHICH THE COURT INDICATED WAS NOT AVAILABLE; AND ALSO FOR REASONS THAT MANY OF THE DEFENDANTS DID NOT FILE ANY `MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION.'"
 Assignment of Error Number Six
"THE COURT ERRED IN DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT (DOC. # 104) AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. # 96) BASED ON THE FALSE STATEMENT THAT APPELLANT FAILED TO SUBMIT EVIDENCE IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT; AND ALSO BY ITS FAILURE TO APPLY THE STANDARD FOR SUMMARY JUDGMENT TO THE FACTS AND PLEADINGS IN THIS CASE."
 Assignment of Error Number Seven
"THE TRIAL COURT ERRED IN ITS DETERMINATIONS OF LAW CONCERNING THE OHIO DECLARATORY JUDGMENT ACT, TITLE 2721 OF THE REVISED CODE BY HOLDING THAT 1) A BREACH OF CONTRACT IS NOT THE PROPER SUBJECT OF SAID ACT, 2) A DECLARATORY JUDGMENT ACTION MAY NOT RESULT IN THE AWARD OF MONETARY DAMAGES, 3) A DECLARATORY JUDGMENT ACTION MAY NEVER BE TRIED TO A JURY, AND 4) A DETERMINATION OF WHETHER A PARTY HAS COMMITTED A TORT MAY NEVER BE THE SUBJECT MATTER OF SAID ACT; AS SUCH FINDING IS CONTRARY TO LAW AND THE FACTS OF THE CASE. SEE MAGISTRATE'S DECISION, APP EX. C, PP. A-11; SEEMcCONNELL V. HUNT SPORTS ENT. (1999), 152 OHIO APP.3D 657[.]"
 Assignment of Error Number Eight
"THE TRIAL COURT AND THE MAGISTRATE INTENTIONALLY DENIED APPELLANT `DUE PROCESS' BY CONTRIVING FACTS NOT IN EVIDENCE; BY ALLOWING ATTORNEY PERDUCK TO REPRESENT DEFENDANTS WHO WERE NOT HIS CLIENTS; BY FAILING TO ACKNOWLEDGE EVIDENCE SUBMITTED BY APPELLANT; BY ALLOWING RESPONSIVE PLEADINGS BY DEFENDANTS TO BE CONSIDERED WITHOUT NOTICE TO THE APPELLANT; AND BY MAKING OUTRAGEOUS DETERMINATIONS OF LAW CONCERNING THE DECLARATORY JUDGMENT ACT OF OHIO."
In his remaining seven assignments of error, Appellant has alleged various errors on the part of the trial court. Given this Court's resolution of Appellant's first assignment of error, his remaining assignments of error are moot, and we decline to address them. See App.R. 12(A)(1)(c).
 III {¶ 21} Appellant's first assignment of error is overruled. Appellant's remaining seven assignments of error are moot. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. Carr, J. concur.
[1] The twelve named defendants were Donovan Hunter, Jacqueline T. Hunter, Jerica Hunter, Rolf Oscarsson, Patricia A. Oscarsson, Stunning Developments, Inc., Frank G. Masyada, Coldfire International, Inc., Thermal Technology Services, Inc., Thermal Sterilization Specialties, Inc., Richard Jablonski, and East West Investments Products.