DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Kevin Bergdorf, et al., appeal from the judgment of the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Appellee, Summit Retirement Plan Services, Inc., is in the business of providing financial investment advice. Appellants, Kevin Bergdorf, Anthony Warren and Nicholas Noveselich, were employed by Appellee until they left in early 2006 to form their own company. The record reflects that in 2004 and 2005 Kevin Bergdorf and Anthony Warren signed Non-Solicitation and Confidential Information Agreements ("Agreement") which contained identical provisions entitled "Arbitration and Equitable Relief." This section of the Agreement provided for arbitration of any disputes and specifically permitted the arbitrator to grant injunctive relief in addition to other relief. In addition, this section also provided that Appellee may seek injunctive relief "restraining such breach or threatened breach and to specific performance of any such provision of this Agreement" through a court of law where Appellants breached the particular provision.
 {¶ 3} Appellee contends that when Appellants left Appellee's employment, they immediately breached the Agreement by soliciting Appellee's customers and business contacts. To prevent Appellants from further violating the Agreement, Appellee filed a motion for a temporary restraining order ("TRO") and a preliminary injunction on March 31, 2006. Thereafter, Appellants filed a motion to stay proceedings pending referral to arbitration. The trial court held a hearing on the motion for a TRO on April 19, 2006. On April 20, 2006, the trial court granted Appellee's motion for a TRO for fourteen days ending on May 3, 2006. The TRO enjoined Appellants from violating the Non-Solicitation and Interference clauses of the Agreement. The trial court recognized that the parties entered into a valid arbitration agreement, but noted that the arbitration agreement did "not prohibit [the Court] from exercising its equitable powers." The trial court then denied Appellants' motion to stay the proceedings pending arbitration. The court scheduled a hearing on the preliminary injunction for May 3, 2006.
 {¶ 4} Appellants appealed from the trial court's April 20, 2006 order, raising one assignment of error for our review. Appellants subsequently filed a motion to stay proceedings in the trial court pending outcome of their appeal. We granted Appellants' motion on May 3, 2006. Appellants then filed a motion asking this Court to issue an order staying proceedings in the American Arbitration Association pending appeal. We denied this motion.
 II. ASSIGNMENT OF ERROR
"THE LOWER COURT ERRED BY NOT STAYING ALL PROCEEDINGS AND REFERRING THE ACTION TO ARBITRATION AS SET FORTH IN SECTION 10 OF THE NON-SOLICITATION CONFIDENTIAL INFORMATION AGREEMENTS."
 {¶ 5} In their sole assignment of error, Appellants argue that the trial court erred by not staying all proceedings and referring the action to arbitration. We disagree.
 {¶ 6} Initially, we must address the standard of review applicable when reviewing a judgment regarding a motion to stay proceedings pending arbitration. Appellee contends that we should review the trial court's decision under an abuse of discretion standard. However, Appellee also concedes that we may determine that the standard is de novo depending on our interpretation of the issues presented. Appellants assert that we must apply a de novo review. In this case, under either standard, we find that the trial court did not err in denying Appellants' motion to stay proceedings and refer the action to arbitration. See Melia v.OfficeMax North Am., Inc., 8th Dist. No. 87249, 2006-Ohio-4765, at ¶ 10-11 (involving disagreement regarding appropriate standard of review for denial of motion to stay proceedings pending arbitration).
 {¶ 7} The Agreement at issue contained the following provision, set forth in Section 10 entitled "Arbitration and Equitable Relief", which provides in pertinent part:
"(a) Arbitration. Except as provided in subsection (b) below, I agree that any dispute, claim or controversy concerning my employment or the termination of my employment or any dispute, claim or controversy arising out of or relating to any interpretation, construction, performance or breach of this Agreement, shall be settled by arbitration to be held in Akron, Ohio in accordance with the rules then in effect of the American Arbitration Association. The arbitrator may grant injunctions or other relief in such dispute or controversy. The decision of the arbitrator shall be final, conclusive and binding on the parties to the arbitration. Judgment may be entered on the arbitrator's decision in any court having jurisdiction. The Company and I shall each pay one-half of the costs and expenses of such arbitration, each of us shall separately pay our counsel fees and expenses.
"(b) Equitable Remedies. I agree that it would be impossible or inadequate to measure and calculate the Company's damages from any breach of the covenants set forth in Sections 3, 5, 7, 8, and 10 herein. Accordingly, I agree that if I breach any of such Sections, the Company will have available, the right to obtain an injunction from a court of competent jurisdiction restraining such breach or threatened breach and to specific performance of any such provision of this Agreement."
 {¶ 8} Appellants assert that the primary issue for our review is whether Appellee should be permitted to seek injunctive relief in two forums: the trial court and arbitration. Appellants contend that by granting injunctive relief instead of referring the matter to arbitration, the trial court committed reversible error because it failed to give deference to the parties' agreement to arbitrate disputes. Further, Appellants claim that permitting the trial court to grant equitable relief contravenes the preference for resolving disputes through arbitration.
 {¶ 9} Appellants essentially assert that the trial court should be required to refer all disputes arising under the Agreement to arbitration. They contend that the trial court's authority should be limited to confirmation of any decision of the arbitrator. In essence, while Appellants acknowledge that Section 10(b) permits Appellants to seek injunctive relief through the trial court, Appellants ask this Court to invalidate this section.
 {¶ 10} While we agree that courts generally afford deference to arbitration clauses, the trial court "`must look first to whether the parties agreed to arbitrate a dispute, not to general policy goals, to determine the scope of the agreement.'" McManusv. Eicher, 2nd Dist. No. 2003-CA-30, 2003-Ohio-6669, at ¶ 12, quoting E.E.O.C. v. Waffle House Inc., (2002) 534 U.S. 279,294. See Stillings v. Franklin Twp. Bd. of Trustees (1994), 97 Ohio App.3d 504, 508. We find the following reasoning particularly pertinent to our analysis:
"While ambiguities in the language of the agreement should be resolved in favor of arbitration * * * we do not override the clear intent of the parties, or reach a result inconsistent with the plain text of the contract, simply because the policy favoring arbitration is implicated." McManus, supra, at ¶ 12, quoting E.E.O.C., 534 U.S. at 294.
 {¶ 11} Here, the Agreement required the parties to arbitrate any dispute, claim or controversy regarding the employee's employment with a few exceptions. However, the Agreement also clearly stated that "[Appellee] will have available, in addition to any other right or remedy available, the right to obtain an injunction from a court of competent jurisdiction restraining such breach or threatened breach[.]" We will not "override the clear intent of the parties" to permit Appellee to obtain relief through the trial court simply because courts favor arbitration.McManus, supra, at ¶ 12.
 {¶ 12} In addition, Appellants' interpretation of the Agreement is inconsistent with the express language of the Agreement which clearly permitted Appellee to seek injunctive relief in the trial court without ever pursuing arbitration. When contractual language is clear and unambiguous, courts must look to the express language of the contract to determine the intent of the parties and "`interpret it according to its plain, ordinary, and common meaning.'" Haley v. Hunter, 9th Dist. No. 23027, 2006-Ohio-2975, at ¶ 15, quoting Pavlich v. Pavlich, 9th Dist. No. 22357, 2005-Ohio-3305, at ¶ 7. Appellants signed the Agreement and do not contest its legality. As the Agreement expressly permitted Appellee to seek injunctive relief in a "court of competent jurisdiction", we find no merit in Appellants' contention that we disregard this provision.
 {¶ 13} Moreover, Appellants' interpretation contravenes the purpose of injunctive relief. "An injunction is an extraordinary remedy in equity where there is no adequate remedy at law."Cementech, Inc. v. Fairlawn, 109 Ohio St.3d 475,2006-Ohio-2991, at ¶ 10. Here, Appellee sought to prevent Appellants from using confidential information and relationships. No amount of money could repair the damage Appellee would incur as Appellee sought to prevent Appellants from depriving it of an intangible unique commodity — relationships.
 {¶ 14} Lastly, in their brief Appellants additionally argue that permitting the trial court, in addition to the arbitrators, to order equitable relief, will produce inconsistent results. However, Appellants abandoned this contention at oral argument, and we therefore decline to address it.
 {¶ 15} In their reply brief, Appellants argue that Appellee had the right to seek injunctive relief from a court of competent jurisdiction only if there had been a breach of Sections 3, 5, 7, 8, or 10 of the Agreement. They also argue that the Agreement dictates that Appellee cannot seek injunctive relief in the trial court until an arbitrator determines that there has been a breach. Appellants raise these arguments for the first time in their reply brief. Pursuant to Loc.R. 7(C), reply briefs are restricted to matters in rebuttal of the appellee's brief. "Proper rebuttal is confined to new matters in the appellee's brief." Loc.R. 7(C). Therefore, Appellants may not raise new assignments of error or new issues for consideration in their reply brief; rather, the reply brief is "`merely an opportunity to reply to the brief of * * * [Appellees].'" State v.Palmison, 9th Dist. No. 20854, 2002-Ohio-2900, at ¶ 32, fn.2, quoting Sheppard v. Mack (1980), 68 Ohio App.2d 95, 97, fn.1. This Court, therefore, declines to address these issues, because they are not properly before us.
 {¶ 16} Given the express statement in the Agreement and Appellants' concession that Appellee could obtain injunctive relief through the trial court, we find no error in the trial court's decision to order injunctive relief. In turn, we find no error in the trial court's denial of Appellants' motion to stay proceedings and refer the matter to arbitration. Appellants' sole assignment of error is overruled.
 III. {¶ 17} Appellants' sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Whitmore, P.J. Boyle, J. Concur.