[Cite as *State v. Burgin*, 2013-Ohio-4261.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

WILLIAM P. BURGIN, IV

    Appellant

C.A. No.    12CA010277

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    11CR082876

DECISION AND JOURNAL ENTRY

Dated: September 30, 2013

MOORE, Presiding Judge.

{¶1} Defendant, William P. Burgin, appeals from the judgment of the Lorain County Court of Common Pleas. We affirm.

I.

{¶2} On May 10, 2012, Trooper Michael Trader of the Ohio State Highway Patrol initiated a traffic stop of a car that Mr. Burgin was driving. The stop ultimately led to the officer's search of Mr. Burgin's car and the discovery of marijuana, the prescription drug Adderall, drug paraphernalia, a scale, and a "FoodSaver" machine. As a result, the Lorain County Grand Jury indicted Mr. Burgin on two counts of possession of drugs in violation R.C. 2925.11(A) and on one count of each of the following: trafficking in drugs in violation of R.C. 2925.03(A)(2), possessing criminal tools in violation of R.C. 2923.24(A), and possessing drug paraphernalia in violation of R.C. 2925.14(C)(1).

{¶3}   Mr. Burgin pleaded not guilty and moved to suppress the evidence, the discovery of which he argued, in part, resulted from an illegal search of his vehicle.  After holding an evidentiary hearing, the trial court denied his motion.  Thereafter, Mr. Burgin amended his plea to no contest, and the trial court found him guilty on all counts contained in the indictment.  In a journal entry dated September 12, 2012, the trial court imposed sentence.

{¶4}   Mr. Burgin timely filed a notice of appeal from the sentencing entry, and he now presents one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED WHEN IT DENIED [MR.] BURGIN'S MOTION
TO SUPPRESS.

{¶5}   In his sole assignment of error, Mr. Burgin argues that the trial court erred in denying his motion to suppress.  We disagree.

Appellate review of a motion to suppress presents a mixed question of law and fact.  When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses.  Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence.  Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

(Internal citations omitted.)   *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

*Accord State v. Hobbs*, 133 Ohio St.3d 43, 2012-Ohio-3886, ¶ 6 (*Burnside* applied).

{¶6}   After careful review of the record, we accept the trial court's findings of fact as follows, because these findings are supported by competent, credible evidence.  *See Burnside* at ¶ 8.  In the late morning hours of May 10, 2011, Trooper Trader was monitoring traffic on the Ohio Turnpike when he observed Mr. Burgin's car traveling 62 m.p.h. at a distance of

approximately one and one-half car lengths behind another vehicle. Trooper Trader began to follow Mr. Burgin, and he activated his overhead lights to initiate a traffic stop for following too closely. Once he activated his overhead lights, the trooper observed a passenger, Christopher Green, sit up in the front passenger seat. Mr. Green then moved about the passenger compartment as the car slowly pulled onto the berm.

{¶7} Thereafter, the trooper approached Mr. Burgin and asked him to exit the vehicle. The trooper explained the reason for the stop and performed a "consensual search for weapons" on Mr. Burgin's person. Following the pat-down search, the trooper "secured him in [the trooper's] vehicle."

{¶8} Trooper Trader then approached Mr. Green via the passenger side of Mr. Burgin's vehicle. The trooper told Mr. Green that he had observed his movements, and the trooper asked him to exit the vehicle. As the trooper was speaking to Mr. Green, he smelled the odor of burnt marijuana emanating from the car. After Mr. Green exited the car, the trooper placed him in the patrol car of Trooper Mike Helmick, who had arrived at the scene.

{¶9} Troopers Trader and Helmick then proceeded to conduct a search of the front passenger area of Mr. Burgin's car. Between the front passenger seat and the center console, the troopers located a bag of marijuana and a marijuana pipe. Trooper Trader then returned to his patrol car and read Mr. Burgin his Miranda rights. He also informed Mr. Burgin that he was going to conduct a full search of the vehicle based upon his discovery of the contraband in the front seat. During the search, the trooper located a backpack in the passenger compartment that contained eight pills, later identified as Adderall, and a scale. In the trunk of the car, the troopers located a "FoodSaver" machine, three "FoodSaver" bags of marijuana and a "Ziploc" bag of marijuana.

{¶10} On appeal, Mr. Burgin does not challenge the basis for the stop of his vehicle. However, he maintains that, based upon the above, Trooper Trader impermissibly detained him in the patrol car and unjustifiably searched his vehicle. Mr. Burgin maintains that these actions were in contravention to the Fourth Amendment, and that all evidence seized from his car should have been suppressed.

{¶11} The Fourth Amendment to the United States Constitution and Article I, Section 14, of the Ohio Constitution prohibit law enforcement from conducting unreasonable and warrantless searches and seizures. "Warrantless searches are per se unreasonable under the Fourth Amendment subject only to a few specifically established and well-delineated exceptions. The [S]tate has the burden of establishing the application of one of the exceptions to this rule designating warrantless searches as per se unreasonable." (Internal citations and quotations omitted.) *State v. Kessler*, 53 Ohio St.2d 204, 207 (1978). Courts are required to exclude evidence obtained by means of searches and seizures that are found to violate the Fourth Amendment. *Mapp v. Ohio*, 367 U.S. 643, 657 (1961).

{¶12} A police-initiated stop of an automobile is a seizure under the Fourth Amendment and falls within the purview of *Terry v. Ohio*, 392 U.S. 1 (1968). *See Delaware v. Prouse*, 440 U.S. 648, 653, 663 (1979). Pursuant to *Terry*, officers must possess a reasonable suspicion of criminal activity in order to justify a traffic stop. *See Terry* at 21. However, a traffic offense provides an officer with probable cause to make a traffic stop. *State v. Myers*, 9th Dist. Summit No. 18292, 1998 WL 15599, *3 (Jan. 7, 1998). In such a case, the scope of the traffic stop "must be carefully tailored to its underlying justification * * * and last no longer than is necessary to effectuate the purpose of the stop." *Florida v. Roye*r, 460 U.S. 491, 500 (1983); *see also State v. Gonyou*, 108 Ohio App.3d 369, 372 (6th Dist.1995). In *State v. Payne*, 4th Dist. No. 11CA3272,

2012-Ohio-4696, ¶ 27, the Fourth District explained that "[t]he rule set forth in *Royer* is designed to prevent law enforcement officers from conducting 'fishing expeditions' for evidence of a crime." *Id.*, citing *Gonyou*, and *Sagamore Hills v. Eller*, 9th Dist. Summit No. 18495, 1997 WL 760693 (Nov. 5 1997). However, the detention of a motorist may be extended where further articulable facts giving rise to a suspicion of some illegal activity justify an extension of the detention. *State v. Robinette*, 80 Ohio St.3d 234, 241 (1997). With these principles in mind, we will separately address Mr. Burgin's arguments pertaining to his detainment in the police cruiser, the troopers' search of the passenger compartment, and the troopers' search of the trunk.

Detainment in Patrol Car

{¶13} First, as to the detainment of Mr. Burgin in the patrol car, Mr. Burgin argues that this detainment was unlawful, and that all evidence seized thereafter was "fruit of the poisonous tree." In making this argument, he maintains that, had he not been placed in the cruiser, the trooper "would [not have] smelled any marijuana on the passenger side because he [never] would have [] ventured over there." This Court is unable to discern a nexus between Mr. Burgin's placement in the patrol car and the trooper's approach of the passenger side of the vehicle. *See State v. Chagaris*, 107 Ohio App.3d 551, 557 (9th Dist.1995) (officer speaking with passenger during lawful traffic stop does not in itself violate Fourth Amendment), *State v. Wright*, 9th Dist. No. 2371-M, 1995 WL 404964, *4 (June 28, 1995) (following a lawful stop, "any questioning which occurs during the detention, even if unrelated to the scope of the detention, is valid so long as the questioning does not improperly extend the duration of the detention"), and *Maryland v. Wilson*, 519 U.S. 408, 415 (1997) ("an officer making a traffic stop may order passengers to get out of the car pending completion of the stop"). The dash cam video introduced at the suppression hearing indicates that, after stopping the car, the trooper caused Mr. Burgin to step

out, spoke to him briefly, conducted a pat-down search, and placed him in the patrol car. Less than one minute after causing Mr. Burgin to exit the vehicle, the officer approached Mr. Green on the passenger side of the car. We conclude that, "even assuming that [Trooper Trader]'s act of asking Mr. [Burgin] to sit in his cruiser did constitute an illegal seizure under the Fourth Amendment, Mr. [Burgin] has not pointed to any evidence obtained *by this seizure*." (Emphasis added.) *See State v. Delossantos*, 9th Dist. Lorain No. 11CA009951, 2012-Ohio-1383, ¶ 12. Accordingly, we will proceed to review Mr. Burgin's arguments as they pertain to the search of his vehicle.

Search of Passenger Compartment

{¶14} In regard to the search of the passenger compartment of Mr. Burgin's vehicle, in its journal entry, the trial court noted that the State had maintained that the search of the vehicle was justified for two reasons. First, the State had argued that the search was proper as a protective search. Second, the State had argued that the search was proper because the trooper smelled marijuana emanating from the car. The trial court, citing *State v. Steen*, 9th Dist. Summit No. 21871, 2004-Ohio-2369, and *State v. Garcia*, 32 Ohio App.3d 38, 39 (9th Dist.1986), noted that this Court has held that the detection of the odor of marijuana may justify the search of a passenger compartment of a vehicle. The trial court further relied on *State v. Farris*, 109 Ohio St.3d 519, 2006-Ohio-3255, ¶ 12 for the proposition that the smell of burnt marijuana alone may establish probable cause to search a motor vehicle.

{¶15} Here, the trial court determined that, when Trooper Trader approached the passenger side of the car, he detected the odor of marijuana emanating from the car. Based upon this, the trial court concluded that the trooper was justified in searching the car.

{¶16} Therefore, the trial court's ruling turned upon the trooper's detection of the odor of marijuana. This Court has held that the smell of marijuana alone may provide probable cause for an officer to search the passenger compartment of a vehicle pursuant to the automobile exception to the warrant requirement. *Steen* at ¶ 7, citing *Garcia* at 39 (stating that "[t]he odor of marijuana, standing alone, has * * * been held to provide probable cause for warrantless searches"); *State v. Jones*, 9th Dist. Lorain No. 12CA010270, 2013-Ohio-2375, ¶ 10 ("A warrantless search of the passenger compartment is permissible if an odor of marijuana is detected by a qualified person.").

{¶17} Despite the trial court's reasoning, which focused on the detection of the odor of marijuana, Mr. Burgin dedicated much of his merit brief to challenge the search based upon the validity of a protective search for weapons. However, we conclude that, based upon the totality of the circumstances, including the officer's determination that the car was relatively slow to pull onto the berm, the furtive movements of Mr. Green, and the smell of burnt marijuana emanating from the vehicle, probable cause existed to search the passenger compartment of the car pursuant to the automobile exception to the warrant requirement. *See Jones* at ¶ 10. Therefore, we need not determine whether the search was justified as a protective search for weapons.

{¶18} In regard to the detection of the odor of marijuana, in his reply brief, Mr. Burgin asks this Court to distinguish between an odor of "*fresh*[*ly*] burnt marijuana" and a stale odor of "burnt marijuana" in considering whether probable cause exists for the search of a vehicle. (Emphasis added.) However, Mr. Burgin may not raise new issues for consideration in his reply brief, which is limited to issues of rebuttal. *See* Loc.R. 7(C) ("Proper rebuttal is confined to new matters in the appellee's brief."), and *State v. Palmison*, 9th Dist. Summit No. 20854, 2002-Ohio-2900, ¶ 32, fn.2, quoting *Sheppard v. Mack*, 68 Ohio App.2d 95, 97, fn. 1 (1990). This

Court, therefore, declines to address this issue. *See Summit Retirement Plan Servs., Inc. v. Bergdorf*, 9th Dist. Summit No. 23200, 2006-Ohio-6154, ¶ 14.

Search of Trunk

{¶19} The test for probable cause to search a trunk under the automobile exception is "whether in light of the totality of the circumstances, 'there is a fair probability that contraband * * * will be found in the trunk.'" (Internal citations, alterations, and quotations omitted.) *Jones* at ¶ 18, quoting *State v. Carmichael*, 9th Dist. Lorain No. 11CA010086, 2012-Ohio-5923, ¶ 9. In *Jones* at ¶ 20, this Court held that neither the Ohio Constitution nor the United States Constitution "prohibit[s] warrantless searches of an automobile trunk after law enforcement has found contraband in the passenger compartment."

{¶20} Again in his reply brief, Mr. Burgin argues that the discovery of the marijuana and marijuana bowl in the passenger compartment of the vehicle did not give rise to probable cause to search the trunk of the vehicle. Because this argument was raised in his reply brief, we decline to address it. *See Bergdorf*, 2006-Ohio-6154, at ¶ 14

{¶21} Accordingly, the trial court did not err in denying Mr. Burgin's motion to suppress, and his sole assignment of error is overruled.

III.

{¶22} Mr. Burgin's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, J.
DISSENTING.

{¶23} I respectfully dissent. In his motion to suppress, Burgin initially argued that the traffic stop was not valid. With respect to the subsequent search of his vehicle, Burgin argued that there was no basis for the officer to engage in a protective search, and that there was no justification for placing Burgin and Green in the patrol car. Burgin asserted that because there was no basis for the officer's decision to place the two men in the cruiser and conduct a safety search, all of the evidence obtained by police thereafter fell within the fruit of the poisonous tree doctrine. In its journal entry denying the motion to suppress, the trial court did not address

Burgin's argument that there was no basis for the protective search, and that it was inappropriate to place Burgin and Green in the patrol car. Instead, the trial court generally acknowledged that Burgin had argued that "the search of the passenger compartment of the vehicle was unwarranted[,]" and then concluded that the search was valid based on the officer's detection of the odor of burnt marijuana. Because the trial court did not address Burgin's argument regarding the circumstances of the safety search, I would remand this matter to the trial court to address that issue in the first instance.

APPEARANCES:

STEPHEN P. HANUDEL, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.