[Cite as *State v. Lane*, 2016-Ohio-5770.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA )

STATE OF OHIO                              C.A. No.        15CA0089-M

    Appellee

    v.                                      APPEAL FROM JUDGMENT
                                            ENTERED IN THE
NICHOLAS LANE                              COURT OF COMMON PLEAS
                                            COUNTY OF MEDINA, OHIO
    Appellant                             CASE No.        14-CR-0433

DECISION AND JOURNAL ENTRY

Dated: September 12, 2016

---

SCHAFER, Judge.

{¶1}　Defendant-Appellant, Nicholas Lane, appeals the judgment of the Medina County Court of Common Pleas denying his motion to suppress.　We affirm.

I.

{¶2}　The Medina County Grand Jury returned an initial indictment against Lane charging him with one count of rape in violation of R.C. 2907.02(A)(1)(c), one count of sexual battery in violation of R.C. 2907.03(A)(5), and one count of gross sexual imposition in violation of R.C. 2907.05(A)(5).　Lane pleaded not guilty to all three charges.　Subsequently, the Grand Jury returned a supplemental indictment charging Lane with twenty-four additional counts, including four counts of rape in violation R.C. 2907.02(A)(2), four counts of sexual battery in violation of R.C. 2907.03(A)(5), thirteen counts of rape in violation of R.C. 2907.02(A)(1)(c), and three counts of gross sexual imposition in violation of R.C. 2907.05(A)(5).　At his

arraignment on the supplemental charges, Lane pleaded not guilty to all of the additional charges and the matter continued through the pretrial process.

{¶3} Lane filed a motion to suppress, arguing that his Fifth Amendment rights were violated because he was subjected to a custodial interrogation without receiving *Miranda* warnings. The trial court denied Lane's motion following a hearing. Subsequently, Lane appeared in court for a change of plea hearing. Following a colloquy with the trial court, Lane withdrew his not guilty pleas and pleaded guilty to all twenty-seven counts in the indictment in exchange for an agreed upon sentence recommendation of twelve years in prison. The trial court accepted the plea and imposed the recommended sentence.

{¶4} Lane filed an appeal, which this Court dismissed as untimely. *See State v. Lane*, 9th Dist. Medina No. 15CA0077-M (Oct. 21, 2015). Lane then moved this Court for leave to file a delayed appeal and this Court granted that motion. Appellant filed this timely appeal, raising one assignment of error for our review.

II.

**Assignment of Error**

**Because Lane was subject to custodial questioning without any *Miranda* warnings, the trial court erred in denying his motion to suppress.**

{¶5} In his sole assignment of error, Lane contends that the trial court erred in denying his motion to suppress because officers subjected him to a custodial interrogation without informing him of his *Miranda* warnings. We do not reach the merits of this assignment of error, however, because Lane's guilty plea operated as a waiver of his right to appeal the denial of his motion to suppress. *See State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, ¶ 105 ("[Defendant's] guilty plea waived any complaint as to claims of constitutional violations not related to the entry of the guilty plea."); citing *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-

Ohio-3167, ¶ 78 (A defendant who voluntarily, knowingly, and intelligently enters a guilty plea with the assistance of counsel may not raise a claim relating to the deprivation of constitutional rights which occurred prior to the entry of the plea of guilty).

{¶6} In his reply brief, Lane argues that he was never advised he was waiving his right to appeal by entering a plea of guilty and, therefore, could not have knowingly, intelligently, and voluntarily waived his right to appeal the Court's ruling on his suppression motion. However, pursuant to Loc.R. 7(D), a reply brief is restricted to matters in rebuttal of the State's merit brief and Lane may not raise new issues for consideration. This Court, therefore, declines to address this issue. *See State v. Burgin*, 9th Dist. Lorain No. 12CA010277, 2013-Ohio-4261, ¶ 18.

{¶7} Accordingly, Appellant's assignment of error is overruled.

III.

{¶8} Having overruled Appellant's sole assignment of error, the judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

WILLIAM T. WHITAKER, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.