[Cite as *Grubb & Assocs., L.P.A. v. Sandor*, 2019-Ohio-128.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| GRUBB & ASSOCIATES, LPA | C.A. No. 29089 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| WILLIAM SANDOR | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No. CV-2017-04-1407 |

DECISION AND JOURNAL ENTRY

Dated: January 16, 2019

---

HENSAL, Judge.

**{¶1}** Grubb & Associates, LPA appeals a judgment of the Summit County Court of Common Pleas that granted summary judgment to William Sandor on its action for breach of contract and unjust enrichment. This Court affirms.

I.

**{¶2}** Grubb & Associates represented Mr. Sandor in a legal malpractice action. According to Natalie Grubb, during Mr. Sandor's intake interview, she initially told him that they would charge on an hourly basis. After Mr. Sandor expressed interest in a contingency fee arrangement, Ms. Grubb explained that the matter might be resolved with something as simple as a letter to his former attorney, so a contingency fee might not be appropriate. To avoid a windfall to the firm, they ended up agreeing that the firm would keep track of its hourly charges and that, if they ended being less than one-third of what Mr. Sandor recovered, he could pay the lower amount.

{¶3}    A couple of weeks later, Grubb & Associates asked Mr. Sandor to come in to sign a written fee agreement.  According to Mr. Sandor, when he arrived, the firm presented him with an hourly-fee agreement, which did not include anything about what he had discussed with Ms. Grubb.  The firm, therefore, made some hand-written changes to the document.  Regarding legal fees, the parties' agreement ended up stating that "billing will be based upon the following fee schedule: or percentage at 33% whatever is less."  Ms. Grubb signed it on behalf of the firm.

{¶4}    After Mr. Sandor's action against his former attorney was unsuccessful, he refused to pay anything to Grubb & Associates.  The firm, therefore, filed an action against him for breach of contract and unjust enrichment.  Following discovery, Grubb & Associates moved for summary judgment, but the trial court denied its motion.  Mr. Sandor subsequently filed his own motion for summary judgment, which the trial court granted.  Grubb & Associates has appealed the trial court's judgment, assigning three errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO SANDOR WHEN SUCH RULING DIRECTLY CONTRADICTS ITS PRIOR ORDER DENYING SUMMARY JUDGMENT TO THE FIRM ON THE SAME SET OF FACTS

{¶5}    Grubb & Associates argues that it was improper for the trial court to award summary judgment to Mr. Sandor because it had previously determined that a question of material fact existed as to what amount, if any, Sandor owed under the terms of the parties' contract.  Under Civil Rule 56(C), summary judgment is appropriate if:

(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶6} The order that denied Grubb & Associates' motion for summary judgment was interlocutory. *Dunkle v. Children's Hosp. Med. Ctr. of Akron*, 9th Dist. Summit No. 26612, 2013-Ohio-5555, ¶ 34. Accordingly, the trial court had authority to reconsider, revise, or modify any decisions it made in that order, including its determination about whether a genuine issue of material fact existed. *Id*. The mere fact that the court changed its determination as to whether a genuine issue of material existed, therefore, was not error.

{¶7} Grubb & Associates also argues that the trial court should have vacated its order under Civil Rule 60(B). We note that, after the trial court granted summary judgment to Mr. Sandor, Grubb & Associates moved to vacate the judgment under Rule 60(B). Grubb & Associates filed its notice of appeal with this Court before the trial court ruled on its motion. After the trial court denied the motion to vacate, Grubb & Associates did not file a new notice of appeal or attempt to amend its original one. Accordingly, we do not have jurisdiction to consider the trial court's ruling on the motion to vacate. *OneWest Bank, FSB v. Wheeler*, 9th Dist. Medina No. 16CA0026-M, 2017-Ohio-7925, ¶ 7. Grubb & Associates' first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO SANDOR WHEN THE RETAINER AGREEMENT IS CLEARLY AND UNAMBIGUOUSLY AN HOURLY RETAINER AGREEMENT WITH A HANDWRITTEN MODIFICATION TO ENSURE THAT SANDOR GETS THE MAXIMUM BENEFIT AT THE LOWEST COST.

{¶8} Grubb & Associates next argues that the trial court incorrectly concluded that Mr. Sandor does not owe it anything under their contract. It argues that the handwritten language on the contract was added so that Mr. Sandor could obtain the most benefit in the event he recovered on his legal malpractice claim. It argues that Mr. Sandor otherwise agreed to pay on an hourly basis and that the parties never intended for him to pay nothing if his claim was unsuccessful.

{¶9} "It is a well-known and established principle of contract interpretation that '[c]ontracts are to be interpreted so as to carry out the intent of the parties, as that intent is evidenced by the contractual language.'" (Alteration sic.) *Lutz v. Chesapeake Appalachia, L.L.C.*, 148 Ohio St.3d 524, 2016-Ohio-7549, ¶ 9, quoting *Skivolocki v. E. Ohio Gas Co.*, 38 Ohio St.2d 244 (1974), paragraph one of the syllabus. "When contractual language is clear and unambiguous, courts must look to the express language of the contract to determine the intent of the parties and 'interpret it according to its plain, ordinary, and common meaning.'" *Summit Retirement Plan Servs., Inc. v. Bergdorf*, 9th Dist. Summit No. 23200, 2006-Ohio-6154, ¶ 12, quoting *Haley v. Hunter*, 9th Dist. Summit No. 23027, 2006-Ohio-2975, ¶ 15. On the other hand, "[e]xtrinsic evidence is admissible to ascertain the intent of the parties when the contract is unclear or ambiguous, or when circumstances surrounding the agreement give the plain language special meaning." *Lutz* at ¶ 9, quoting *Graham v. Drydock Coal Co.*, 76 Ohio St.3d 311, 313-

314 (1996). The Ohio Supreme Court has also explained that "a contract is to be construed against the party who drew it." *Graham* at 314.

{¶10} The parties' agreement is in the form of a letter from the firm to Mr. Sandor and indicates that it is in regard to an "Hourly Retainer Agreement[.]" It begins by providing:

> This letter will confirm that you have retained Grubb & Associates, LPA, to represent you in a legal matter concerning [c]hild support issues and improper calculation of income. Experience has shown that the attorney-client relationship works best when there is a mutual understanding about fees and payment terms and about the conduct of a legal proceeding.

The agreement proceeds to a section titled "Legal Fees[.]" That section provides that "billing will be based upon the following fee schedule:" then outlines the different rates that will be charged depending on whether it is Ms. Grubb, an associate, a law clerk, or a paralegal providing a service. Next to those provisions is a handwritten note that states "or percentage at 33% whatever is less." Grubb & Associates admits that the handwritten notation is a term of the agreement. Following the "Legal Fees" section, there are sections titled "Fees in Advance[,]" "Costs and Disbursements[,]" "Billing[,]" "Payment[,]" "Appeals[,]" "Estimates[,]" and "Practice Guidelines[.]"

{¶11} The trial court determined that the language of the parties' agreement was plain and unambiguous and created either an hourly fee arrangement or a contingency fee arrangement depending on which method of calculating Mr. Sandor's fees would cost him less. Because it determined that the contract was not ambiguous, it declined to consider any parol evidence. Applying the language of the contract to the undisputed fact that Mr. Sandor did not recover anything on his legal malpractice claim, it calculated that it would cost Mr. Sandor less for the agreement to proceed as a contingency fee arrangement. Accordingly, because 33% of zero is

zero, the trial court concluded that Mr. Sandor did not owe any attorney fees to Grubb & Associates.

{¶12} Grubb & Associates does not argue that the agreement is ambiguous. Nevertheless, it points to evidence outside of the terms of the agreement in support of its argument that it was not the intent of the parties that Mr. Sandor would pay nothing if his malpractice claim failed. It also argues that the handwritten notation should be construed to provide that, "if there were a settlement or other recovery on Sandor's claim, Sandor would pay the lesser of the hourly fee or 1/3 of the amount recovered."

{¶13} The agreement does not provide that the "percentage at 33%" language only applies if Mr. Sandor recovers on his claim. Upon review of the agreement, we agree with the trial court that its language is unambiguous and that its plain language applies. Because Mr. Sandor did not recover on his legal malpractice claim, he will owe less if the agreement operates as a contingency fee arrangement. We conclude that the trial court correctly determined that Mr. Sandor did not owe any fees to Grubb & Associates under the terms of their fee agreement and correctly awarded summary judgment to him. Grubb & Associates' second assignment of error is overruled.

ASSIGNMENT OF ERROR III

> THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO SANDOR WHEN SANDOR TESTIFIED UNDER OATH THAT HE UNDERSTOOD THAT THE RETAINER AGREEMENT WAS NOT A "STRAIGHT CONTINGENCY" AGREEMENT.

{¶14} In its third assignment of error, Grubb & Associates again points to testimony by Mr. Sandor about his understanding of the fee agreement to support its argument that the agreement cannot be construed as a pure contingency arrangement. It also points to an affidavit

it submitted in support of its motion to vacate as additional evidence that it was the parties' intent to enter into an hourly fee arrangement and that the trial court should have vacated its order.

{¶15} As previously noted, when the language of a contract is clear and unambiguous, the intent of the parties is determined by examining the language of the contract. *Bergdorf*, 2006-Ohio-6154, at ¶ 12; *Ohio Northern Univ. v. Charles Constr. Servs., Inc.*, __ Ohio St.3d __, 2018-Ohio-4057, ¶ 11. "Only when the language of a contract is unclear or ambiguous, or when the circumstances surrounding the agreement invest the language of the contract with a special meaning will extrinsic evidence be considered in an effort to give effect to the parties' intentions." *Shifrin v. Forest City Enters., Inc.*, 64 Ohio St.3d 635 (1992), syllabus. Because the language of the contract in this case is not ambiguous and does not contain language with a special meaning, Mr. Sandor's testimony about his understanding of the contract is immaterial. Regarding the affidavit Grubb & Associates submitted with its motion to vacate, we have previously explained that we do not have jurisdiction to consider the trial court's ruling on that motion. Grubb & Associates' third assignment of error is overruled.

### III.

{¶16} Grubb & Associates' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

NATALIE F. GRUBB and MARK. E. OWENS, Attorneys at Law, for Appellant.

SCOTT M. DELIMAN, Attorney at Law, for Appellee.